■ CONSOLIDATED AIRBORNE SYSTEMS, INC., et al., Respondents, v. LLOYD SILVERMAN et al., Appellants.— Motion by plaintiffs to dismiss defendants' appeal from an order denying defendants' motion to require plaintiffs to separately state and number the several causes of action alleged in the complaint. The motion was made on the ground that under the statute (CPLR 5701, subd. [b], par. 2) such an order was not appealable as of right and that permission to appeal, as required by the statute (CPLR 5701, subd. [c]), had not been obtained. Motion denied. In our opinion, a motion to compel a plaintiff to separately state and number the causes of action alleged in the complaint is made under CPLR 3014 and not under CPLR 3024. Accordingly, we held that CPLR 5701 (subds. [b], [c]) are not applicable to an order on such a motion; that the order affects a substantial right, and that it is therefore appealable as of right under CPLR 5701 (subd. [a], par. 2, cl. v). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

(March 29, 1965)

■ THERESA EVANGELISTA, as Administratrix of the Estate of LOUIS EVANGELISTA, Deceased, et al., Respondents, v. CITY OF NEW YORK, Appellant.— In a negligence action to recover damages for wrongful death, conscious pain and suffering, and for personal injuries, in which a bill of particulars was served by plaintiffs but verified by only one of them, the defendant appeals from an order of the Supreme Court, Kings County, entered August 18, 1964, which denied in all respects its motion to preclude plaintiffs from offering proof upon the trial as to certain matters or, in the alternative, to require them to furnish a further bill of particulars. Order modified by striking out its decretal provision, and by substituting therefor two provisions: (a) a provision granting the defendant's motion to the extent of directing plaintiffs to serve, within 30 days after they shall have concluded their pretrial examination of the defendant, a further bill of particulars as to items 7, 8, 9 and 15 of the defendant's demand; and (2) a provision denying the defendant's motion in all other respects. As so modified, order affirmed, without costs. Where " two or more parties united in interest are pleading together," the verification of a bill of particulars " by at least one of them who is acquainted with the facts," is sufficient (cf. CPLR 3020, subd. [d], 3021, 3044; former Rules Civ. Prac., rule 117). Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

■ FRED R. FISCHER, as Husband of GEORGINA FISCHER, an Infant, Respondent, v. MYRTLE EL SAIEH et al., Defendants, and PATRICIA CICATELLO, Appellant. (Action No. 1.) MYRTLE EL SAIEH et al., Respondents, v. PATRICIA J. CICATELLO, Appellant. (Action No. 2.) — In two separate negligence actions to recover damages for injury to person and property, allegedly sustained as the result of a collision between two automobiles, Patricia J. Cicatello, a defendant in both actions, appeals from an order of the Supreme Court, Richmond County, entered June 23, 1964, which denied her motion to remove Action No. 2 from the Civil Court of the City of New York and to consolidate it with Action No. 1 in the Supreme Court, Richmond County. Order reversed, without costs, and motion granted. Action No. 1 was instituted against the defendant Cicatello by a passenger in her automobile. Action No. 2 was instituted against said defendant by the owner and operator of the other automobile. In our opinion, under the circumstances here, it was an improvident exercise of discretion to deny the motion to remove Action No. 2 and to consolidate the two actions. Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.